UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT

------------------------------------------------------

MOSHE KLEIN on behalf of himself
and all others similarly situated

★  MAY 07 2012

**LONG ISLAND OFFICE**

Plaintiff,

-against-

# CV 12 2250

AMERICAN RECOVERY SERVICE INC. (ARSI)

Defendant.   **SUMMONS ISSUED**

------------------------------------------------------

### CLASS ACTION COMPLAINT   JOHNSON, J.

#### *Introduction*

AZRACK, M

1.  Plaintiff Moshe Klein seeks redress for the illegal practices of American

    Recovery Service Inc. concerning the collection of debts, in violation of the Fair

    Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

#### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

    FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

    consumer debt, purportedly owed to American Express.

4.  Upon information and belief, the defendant is an California corporation which

    maintains an office for collection of debts in Thousand Oaks, California.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly

    owed by consumers.

1

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
       1692(a)(6).

### Jurisdiction and Venue

7.     This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28
       U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
       transactions that give rise to this action occurred, in substantial part, in this
       district. Venue is also proper in this district since the defendant transacts business
       in this district and the collection letter was sent into this district.

### Allegations Particular to Moshe Klein

9.     On information and belief, on a date better known by defendant, defendant began
       attempting to collect an alleged consumer debt from the plaintiff.

10.    Defendant sent the plaintiff an initial collection letter seeking to collect a balance
       allegedly owed to American Express incurred for personal purposes dated
       September 14, 2011.

11.    Said letter states in part as follows: "The above-referenced matter is an
       outstanding court-ordered judgment against you on your American Express
       account."

12.    Said representations are false as the purported judgment was vacated by the court.

13.    In fact plaintiff previously sued the within defendant over the very same issue.

14.    Despite the fact that the defendant was sued over misrepresenting the status of the
       judgment, and despite the fact that defendant was put on notice that the

undersigned represents him, the defendant sent the collection letter at issue to the plaintiff directly.

15.    The letter further states that: "Upon receipt and clearance of your final payment, our office will forward your file to our Attorney so that they may file a Satisfaction of Judgment."

16.    There is no judgment so that there is no reason to file a Satisfaction of Judgment.

17.    The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and §§ 1692e(10) for engaging in deceptive practices and the defendant is also in violation of 1692b for contacting the plaintiff when the defendant was put on notice that the plaintiff was represented by counsel.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

17.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this Cause of Action.

18.    This cause of action is brought on behalf of plaintiff and the members of a class.

19.    The Class consists of consumers who received the same form letter, as did the plaintiff.

20.    The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about September 14, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt where there was no pending judgment; and (c) the collection letter was not

3

returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

21.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are

4

generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The defendant's actions violate the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

27.  Plaintiff restates and realleges paragraphs 1 through 16 as if fully set forth herein.

28.  The defendant sent the plaintiff the within collection letter where the plaintiff was and is represented by counsel concerning the within debt.

29.  Plaintiff's suffered emotion distress damages over the fact that he was contacted where his attorney should have been contacted.

30.  The defendant's actions violate the Fair Debt Collection Practices Act specifically 1692c(2)(a).

31.  Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 3, 2012

6

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)



**ARSI**
AMERICAN RECOVERY SERVICE INCORPORATED

Corporate Headquarters
555 St. Charles Drive, Suite 100
Thousand Oaks, California 91360
Phone: 805-379-8500
Fax: 805-379-8530

September 14, 2011

Moshe Klein                    10073513
1529 52nd St
Brooklyn, NY 11219-3983

Re: American Express
Reference Number: 1000
ARSI Reference Number: 10073513
Total Balance Due: $16542.82

IMPORTANT SETTLEMENT OFFER

RE: Your Past Due Account with American Express

We have previously notified you of the past due balance of $16542.82 that has been placed with our office by American Express.

The above- referenced matter is an outstanding court-ordered judgment against you on your American Express account. We understand that you may be having difficulties paying this amount, and we would like to work with you to come to a solution.

Our client has authorized this office to tender an offer to settle this matter for 30% of the current balance owing. This matter will be settled and considered paid in full upon receipt of 30% of the current balance.

Upon receipt and clearance of your final payment, our office will forward your file to our Attorney so that they may file a Satisfaction of Judgment.

**This is a time sensitive matter requiring your immediate acceptance. This offer will become null and void 30 days from the date of this letter should you fail to accept. We are not obligated to renew this offer. If you would like to take advantage of this opportunity please contact American Recovery Service Inc. today at 888-395-2774.**

This notice has been sent by a collection agency. This is an attempt to collect a debt; any information obtained will be used for that purpose.

Sincerely,

Dj Hold
Unit Manager

"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION."

-------------------------------------------------Detach and Return----------------------------------------------

555 St. Charles Drive, Suite 100
Thousand Oaks, CA 91360
Return Service Requested

**To pay by credit card, please complete following:**
Check one:   ☐ Visa    ☐ MasterCard
Card Number: __ __ __ __ __ __ __ __ __ __ __ __ __ __
CNP code from back of card:_____
Expiration Date: ___/___/___ Payment Amount: $_____
Signature:
Printed Name On Card: _____

Moshe Klein                    10073513
1529 52nd St
Brooklyn, NY 11219-3983
IııdIııIIıIıIıııIIIıIıııIIIıIıIııIıııIIIıIıIıIııIıI

American Recovery Service Incorporated
555 St. Charles Drive, Suite 100
Thousand Oaks, CA 91360-3983
IIıIıııIIıIIıIIıIIıııIIIıIıIıIıIııIIıIIıIıIIıııIII

JDSIF30 004490 P 1 603 000020 257 064309 Z-CRE